[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10889
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cv-01536-HLA-MCR

EDDIE L. ASH,

Plaintiff-Appellant,

versus

CHRISTOPHER LANDRUM, et al.,

Defendants,

J. L. BLACK,
In Their Individual Capacity,
J. N. KIRBY,
In Their Individual Capacity,

Defendants-Appellees.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 1, 2020)

Before ROSENBAUM, JILL PRYOR and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Eddie Ash, a federal prisoner proceeding *pro se*, appeals the district court's grant of summary judgment in favor of Suwanee Correctional Institute Officers J.L. Black and J.N. Kirby (collectively, "the officers") on his excessive force claim.   On appeal, Ash argues that (1) the magistrate judge abused its discretion by denying Ash's motion to compel discovery; and (2) the district court erred by granting summary judgment to the officers because it misconstrued video footage of the incident at issue and failed to consider the full extent of his injuries.   Ash contends that the officers violated his Eighth Amendment rights when they slammed him "head first to the floor," and the district court's denial of his motion to compel discovery prevented him from introducing evidence supporting his claim that he suffered a serious injury as a result of the incident.

I.

We generally review the denial of a motion to compel discovery for abuse of discretion. *Sanderlin v. Seminole Tribe of Fla.*, 243 F.3d 1282, 1285 (11th Cir. 2001).   "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide," a party may object to the magistrate judge's order on the matter "within 14 days after being served with a copy."   Fed. R. Civ. P. 72(a).   "A party may not assign as error a defect in the order

2

not timely objected to." *Id.*  We have stated that a party who fails to object to a magistrate judge's order in a non-dispositive matter waives the issue and cannot raise it on appeal.  *Farrow v. West*, 320 F.3d 1235, 1248 n.21 (11th Cir. 2003).

Ash cannot challenge on appeal the magistrate judge's order denying his motion to compel discovery because he did not object to the order before the district court.  Hence, we will not consider this issue.

## II.

We review a grant of summary judgment *de novo*.  *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1263 (11th Cir. 2010).  In doing so, we "will affirm if, after construing the evidence in the light most favorable to the non-moving party, we find that no genuine issue of material fact exists." *Id.* at 1263-64.  "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant.  For factual issues to be considered genuine, they must have a real basis in the record." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (quotation marks omitted).  The moving party has the initial burden of demonstrating, in the record, an absence of a genuine issue of material fact.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  When that burden is met, the burden then shifts to the non-movant to show a genuine issue of material fact to preclude summary judgment.  *Id.*

3

The Eighth Amendment "prohibits the unnecessary and wanton infliction of pain." *Thomas v. Bryant*, 614 F.3d 1288, 1303 (11th Cir. 2010) (quotation marks omitted). In determining whether prison officials are entitled to summary judgment in the context of an excessive force claim, courts "must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives." *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999) (quotation marks omitted). Instead, courts must determine whether "the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain." *Id*. (quotation marks and emphasis omitted).

In the prison context, an excessive force claim requires a plaintiff to make "an objective showing of a deprivation or injury that is sufficiently serious to constitute a denial of the minimal civilized measure of life's necessities and a subjective showing that the official had a sufficiently culpable state of mind." *Thomas*, 614 F.3d at 1304 (quotation marks omitted). Both inquiries are contextual, and the objective harm inquiry is responsive to contemporary standards of decency. *Id.* Not every "malevolent touch" by a prison guard amounts to excessive force, but a *de minimis* use of force may be cognizable under the Eighth Amendment if it is "repugnant to the conscience of mankind." *Wilkins v. Gaddy*, 559 U.S. 34, 37–38, 130 S. Ct. 1175, 1178 (2010) (quotation marks omitted).

4

While a plaintiff complaining about a push or shove almost certainly fails to state a valid excessive force claim where no discernible injury occurs, "[i]njury and force . . . are only imperfectly correlated," and "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Id*. at 38, 130 S. Ct. at 1178–79.

For the subjective intent prong of excessive force claims, a plaintiff must show that "the defendants applied force maliciously and sadistically for the very purpose of causing harm." *Thomas*, 614 F.3d at 1304 (quotation marks omitted). "Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002) (quotation marks omitted, alteration in original). To determine whether force was applied maliciously and sadistically to cause harm, we consider:

> (1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them.

*Campbell*, 169 F.3d at 1375 (quotation marks omitted).

5

"Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Andujar v. Rodriguez*, 486 F.3d 1199, 1202 (11th Cir. 2007) (quotation marks omitted). "When it is undisputed . . . that government officials were acting within their discretionary authority, the burden is on the plaintiff to establish that qualified immunity is not appropriate." *Id*. at 1203 n.2. "To determine whether a plaintiff has met h[is] burden, a court must both decide whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right and whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Maddox v. Stephens*, 727 F.3d 1109, 1120 (11th Cir. 2013) (quotation marks omitted, second alteration in original). However, a plaintiff alleging excessive force can overcome a qualified immunity defense by showing that his Eighth Amendment rights have been violated without showing that the rights were clearly established. *Fennell v. Gilstrap*, 559 F.3d 1212, 1216–17 (11th Cir. 2009).

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776

6

(2007).  Accordingly, when an incident is recorded and "the video obviously contradicts [the p]laintiff's version of the facts, we accept the video's depiction." *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1315 (11th Cir. 2010); *see also Mobley v. Palm Beach Cty. Sheriff Dep't*, 783 F.3d 1347, 1350 n.1 (11th Cir 2015) (noting that a photograph showing the collapsed roof of a truck contradicted the plaintiff's contention that a collision caused minimal damage and bent the door frame).  "[W]here an accurate video recording completely and clearly contradicts a party's testimony, that testimony becomes incredible."  *Morton v. Kirkwood*, 707 F.3d 1276, 1284 (11th Cir. 2013).  However, where the video does not clearly depict the event, and there is evidence supporting both versions of events, we will accept the plaintiff's version as controlling.  *Shaw v. City of Selma*, 884 F.3d 1093, 1097 & n.1, 1099 (11th Cir. 2018) (assuming that an armed individual did not raise his weapon, as alleged by the individual's estate, where the video did not show the arm in which he held the weapon).  In *Pourmoghani-Esfahani*, we noted that the video footage of the events at issue was "often not obviously contradictory" to the plaintiff's account, so we "credited [p]laintiff's version of the record evidence where no obviously contradictory video evidence [wa]s available."  625 F.3d at 1315.

"[A]bsent extraordinary circumstances, legal theories and arguments not raised squarely before the district court cannot be broached for the first time on

appeal." *Bryant v. Jones*, 575 F.3d 1281, 1308 (11th Cir. 2009). Therefore, as an initial matter, we do not consider Ash's argument that the officers violated the Florida Department of Corrections' rules, as he did not raise it before the district court.

### III.

We conclude from the record that the district court erred in granting summary judgment to the officers because there is a genuine issue of material fact regarding whether the force used was excessive. Due to its poor quality, the video footage, which we reviewed, does not obviously contradict Ash's statements that he did not resist the officers and they slammed him head-first to the ground, so the district court should have accepted Ash's account of those events for purposes of summary judgment. The district court further erred by finding that Ash suffered only bruising and tenderness to his left shoulder, as there also was evidence that he suffered ongoing pain and numbness to his neck, left arm, and fingers. Construing the evidence in the light most favorable to Ash, we conclude that he satisfied both prongs of an excessive force claim. Moreover, as Ash's allegations establish an Eighth Amendment violation, we conclude that the district court erred in determining that the officers were entitled to qualified immunity.

Accordingly, for the aforementioned reasons, we dismiss Ash's appeal to the extent that he challenges the discovery order, and we vacate the district court's

grant of summary judgment to the officers and remand the case to the district court for further proceedings consistent with this opinion.

**DISMISSED IN PART, VACATED AND REMANDED IN PART.**